IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANTHONY P. LOCRICCHIO, JAMES SLEMONS, AND JIM SLEMONS HAWAII, INC., | ) ) ) CIVIL NO. 10-00710 ACK-RLP ) ) ORDER DENYING MOTION TO ) DISQUALIFY JUDGE ALAN KAY |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| CONTINENTAL INVESTMENT COMPANY, LIMITED; ET AL., | ) ) ) |
| Defendants. | ) ) |
| _____ | ) |

## ORDER DENYING MOTION TO DISQUALIFY JUDGE ALAN KAY

## I. INTRODUCTION

Before the court is Plaintiffs' Motion to Disqualify Judge Alan Kay ("Motion to Disqualify" or "Motion") from this action. Doc. No. 117. This Motion was referred to the undersigned under 28 U.S.C. § 144 because it is accompanied by declarations signed under penalty of perjury pursuant to 28 U.S.C. § 1746, and alleges that Senior U.S. District Judge Alan C. Kay ("Judge Kay")has a personal bias or prejudice against Anthony Locricchio ("Locricchio"). The matter is suitable for decision under Local Rule 7.2(d) without an oral hearing. Based on the following, the Motion to Disqualify is DENIED.

## II.  BACKGROUND

The Motion to Disqualify comes to this court with a confusing

procedural posture.  Further, Defendants Continental Investment Company, Arthur

Goto, and Ronald Fujikawa (the "Continental Defendants") challenge the Motion

for, among other reasons, procedural deficiencies.  The court thus first addresses

two preliminary matters and then sets forth the background necessary to put the

Motion in context.

### A.    Preliminary Matters

The Motion to Disqualify invokes California law in seeking to

disqualify Judge Kay.  *See* Doc. No. 117-1, Mot. at 23-34 (citing sections of the

California Procedural Code).  The applicable standards, however, for

disqualification or recusal of a federal judge are found in 28 U.S.C. §§ 144 & 455.

Section 144 provides

> Whenever a party to any proceeding in a district court
> makes and files a timely and sufficient affidavit that the
> judge before whom the matter is pending has a personal
> bias or prejudice either against him or in favor of any
> adverse party, such judge shall proceed no further
> therein, but another judge shall be assigned to hear such
> proceeding.
>
> The affidavit shall state the facts and the reasons for the
> belief that bias or prejudice exists, and shall be filed not
> less than ten days before the beginning of the term at
> which the proceeding is to be heard, or good cause shall

2

> be shown for failure to file it within such time.  A party may file only one such affidavit in any case.  It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Similarly, § 455 provides, in pertinent part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party[.]

Initially, although the Motion to Disqualify purports to be brought by all Plaintiffs, there is no assertion that Judge Kay harbors any bias or prejudice against either Plaintiff James Slemons ("Slemons") or Plaintiff Jim Slemons Hawaii, Inc. ("Slemons Hawaii").  There is no § 144 declaration or affidavit from Slemons or Slemons Hawaii.  Nor does the Motion assert that Judge Kay has a bias or prejudice in favor of any party *adverse* to Plaintiffs.  The only person in question is Locricchio, and thus the court will construe the Motion as having been brought by Locricchio only.

Further, § 144 applies only to potential bias against or in favor of a *party*, not an attorney for a party.  There is some dispute as to whether Locricchio is a "party" to this litigation.  Locricchio is a licensed Hawaii attorney.  He was a

3

*pro se* Plaintiff, *and* an attorney for Slemons and Slemons Hawaii in the original

Complaint.  *See* Doc. No. 1, Compl. at 3.  He had sought, however, to file a version

of a First Amended Complaint that eliminated him as a Plaintiff (apparently

because his presence destroyed diversity of citizenship under 28 U.S.C. § 1332).

Doc. Nos. 75 & 82.  On November 7, 2012, Judge Kay deemed that First Amended

Complaint (*without* Locricchio as a Plaintiff) as having been filed.  Doc. Nos. 98,

99.

One underlying question in the suit is whether Locricchio nevertheless

is a required party under Federal Rule of Civil Procedure 19.  *See* Doc. No. 93.

Similarly, Locricchio disputes the propriety and circumstances of how Judge Kay

deemed his First Amended Complaint to be filed, as he now seeks to file a revised

version of the First Amended Complaint.  *See, e.g.*, Doc. No. 106-1.  As explained

later, this particular dispute triggered (at least in part) Locricchio's Motion to

Disqualify.  Accordingly, the court considers Locricchio a "party" for purposes of

§ 144 -- at minimum, even if he is not a party now, he was a party when many of

the relevant events occurred, and final judgment has not entered.  Further, given

Locricchio's dual role both as a *pro se* Plaintiff and as an attorney, the court

construes Locricchio's Declaration, Doc. No. 117-2 at 2 (incorporating his Motion)

4

as constituting the required good faith "certificate of counsel of record" under § 144.

## B.     The Procedural Context for the Motion

The court has analyzed Plaintiffs' Motion to Disqualify, the Opposition, the Reply, and the relevant files and records in this case (including the transcript of the September 17, 2012 hearing).  In deciding this Motion, the court need not review the substantive matters at issue in this interpleader and bankruptcy-related action, and does not set forth those details here.  But to understand the context for the Motion to Disqualify, the court next explains the procedural history leading up to the Motion.

### 1.     The August 12, 2011 Order

This action was filed on December 2, 2010, and was assigned to Judge David A. Ezra.  Doc. No. 1.  On January 18, 2011, the Continental Defendants filed a Motion to Dismiss, which was set for hearing on June 2, 2011 (along with a joinder by Defendants Tony Honda Auto and Car Stereo Inc.).  On April 14, 2011, Judge Ezra recused himself (sua sponte) and the action was referred to the Clerk of Court for reassignment.  Doc. No. 23.  That same day, the case was randomly reassigned to Judge Kay, who then rescheduled the hearing on the Motion to Dismiss for August 8, 2011.  Doc. No. 24.  Under the court's local rules, Plaintiffs' Opposition to that Motion was due on July 18, 2011.

On July 17, 2011, Plaintiffs filed a Motion to Stay Proceedings, pending related matters which were ongoing before the Ninth Circuit Bankruptcy Appellate Panel ("BAP").  Doc. No. 27.  Plaintiffs did not, however, file an Opposition to the then-pending Motion to Dismiss.  On July 19, 2011, Judge Kay vacated the August 8, 2011 hearing, and indicated he would reschedule the Motion to Dismiss and Motion to Stay to be heard together.  Doc. No. 31.  On July 29, 2011, he set a September 1, 2011 hearing for those Motions.  Doc. No. 32.  Oppositions to the Motions were due on August 11, 2011.

On August 11, 2011, Continental filed an Opposition to Plaintiffs' Motion to Stay.  Doc. No. 35.  Plaintiffs, however, once again failed to file a timely Opposition to the Motion to Dismiss.  On August 12, 2011, a Law Clerk from Judge Kay's chambers telephoned Locricchio because no Opposition had been filed.  *See* Doc. No. 37, Order at 3 n.2.  Judge Kay then issued an "Order Staying Hearing Dated September 1, 2011, and Disclosing the Court's Past Relationship With Mr. Locricchio."  Doc. No. 37 (the "Aug. 12, 2011 Order").

The Aug. 12, 2011 Order stayed the hearing on the Motion to Dismiss until after the BAP had ruled on the related matters, and deemed the Motion to Dismiss withdrawn.  *Id.*  Judge Kay also made the following disclosure:

> [T]he Court wishes to notify the parties that: (1) in the 1970's, when the undersigned was in private practice,

> Mr. Locricchio was of substantial assistance in resolving a major tenants-landlord conflict that involved one of the undersigned's clients, and also in assisting the undersigned in a subsequent lawsuit against the undersigned, his client, the governor of the State of Hawaii, and others (which was related to the resolution of the foregoing conflict), *see Windward Partners v. Ariyoshi*, 693 F.2d 928 (9th Cir. 1982); (2) in the 1990s, the undersigned issued a summary judgment order, which was affirmed by the Ninth Circuit, against Mr. Locricchio's client in a case involving a different major tenants-landlord conflict, *Pedrina v. Chun*, 906 F. Supp. 1377 (D. Haw. 1995), *aff'd* 97 F.3d 1296 (9th Cir. 1996); and (3) also in the 1990s, the undersigned presided over a case involving a suit by Mr. Locricchio against a police officer and others in which the jury issued a verdict in favor of the defendants, *Locricchio v. Richards*, Civ. No. 93-00011 ACK (D. Haw. Apr. 22, 1994).

*Id.* at 2-3.  Judge Kay noted that he was "raising the matter at this time because Mr. Locricchio mentioned the foregoing to the Court's law clerk in a telephone conversation today," and Judge Kay stated he "did not find it necessary to raise this matter earlier in view of the lapse of years and results in the subsequent cases involving Mr. Locricchio."  *Id.* at 3 n.2.

Judge Kay declared that he "believes [he] can preside over the current case in an impartial and unbiased manner."  *Id.* at 3.  He continued, "[n]evertheless, in the event either party believes the Court should recuse itself from presiding over this case, such party should file a request for a recusal, including the grounds

therefor, by next Wednesday, **August 17, 2011**." *Id.* No requests for recusal were filed pursuant to the Aug. 12, 2011 Order.

### 2.     *The September 17, 2012 Hearing*

The BAP ruled on October 12, 2011, and thus the Continental Defendants filed an Amended Motion to Dismiss on October 28, 2011. Doc. No. 41. The Amended Motion to Dismiss was set for hearing on February 27, 2012. Doc. No. 43. On January 18, 2012, however, Plaintiffs filed a request to reschedule the hearing because Locricchio was to have surgery the next day, with an expected recovery time of six weeks. Doc. No. 48-1. Judge Kay rescheduled the hearing for April 16, 2012. Doc. No. 55. On March 27, 2012, the hearing was continued a second time, until May 29, 2012, based on a second request related to Locricchio's surgery. Doc. No. 60. And on May 8, 2012, Judge Kay granted a third request by Locricchio to postpone the hearing. This request was based on further post-surgery complications and a critical heart condition that Locricchio had developed. Doc. Nos. 62-1, 63. The hearing on the Amended Motion to Dismiss was rescheduled to September 17, 2012. Doc. No. 63. Given that hearing date, Plaintiffs' Opposition was due on August 27, 2012.

On August 24, 2012 -- three days before their Opposition was due -- Plaintiffs filed a *fourth* request to postpone the hearing, this time until November

8

30, 2012.  Doc. No. 66-1.  Judge Kay denied this request, and the hearing remained

set for September 17, 2012.  Judge Kay, however, allowed Plaintiffs until

September 10, 2012 to file an Opposition.  Doc. No. 72.  In denying the request,

Judge Kay stated in a minute order, in part:

> [I]t appears that Mr. Locricchio is the stakeholder in this
> action, and as such, his presence in this action destroys
> diversity because both he and various
> Defendant-Claimants are citizens of Hawaii.  The Court
> hereby DENIES Plaintiffs' Motion to Continue and will
> proceed with the hearing on Defendants' Motion to
> Dismiss at 10:00 a.m. on 9/17/2012.

*Id.*  (This was one of the arguments raised in the pending Motion to Dismiss.)

On September 10, 2012, Plaintiffs filed their Opposition.  Doc. No.

73.  They also, however, filed a Motion to Amend Complaint.  Doc. No. 75.  The

proposed First Amended Complaint eliminated Locricchio as a Plaintiff, alleging

he was not a "stakeholder."  Doc. No. 82-2.[1]  Judge Kay then issued a minute

order, indicating he would proceed with the September 17, 2012 hearing,

"notwithstanding Plaintiffs' [pending] amended motion to amend the complaint."

Doc. No. 87.  Judge Kay heard the Continental Defendants' Motion to Dismiss as

scheduled on September 17, 2012.

---

[1]  An Amended Motion for Leave to File an Amended Complaint was automatically referred for decision to Magistrate Judge Richard Puglisi, who elected to decide it without a hearing.  Doc. No. 84.  It was pending before Magistrate Judge Puglisi, with the proposed Amended Complaint attached as an exhibit.

At the September 17, 2012 hearing, at Judge Kay's urging, the Continental Defendants' counsel stipulated to the filing of Plaintiffs' First Amended Complaint.  *See* Doc. No. 88 (court minutes); Doc. No. 95 (transcript of proceedings).[2]  The parties then argued the merits of the action.  After the hearing, Judge Kay issued a minute order that same day stating: "During the 9/17/2012 hearing, Defendants stipulated to the filing of Plaintiffs' Amended Complaint.  Accordingly, the Court directs Plaintiffs to file the Amended Complaint within ten days[.]"  Doc. No. 89.

Strictly as a matter of procedure, however, an Amended Complaint might have mooted the Motion to Dismiss that had been argued.  Accordingly, on September 21, 2012, Judge Kay issued further instructions to the parties, including the following:

> [I]n order to maintain an appropriate record, the Court instructs Defendants to file a Motion to Dismiss the Amended Complaint forthwith after Plaintiffs have filed their Amended Complaint pursuant to the Court's Minute Order filed September 17, 2012.  The Court will provide Plaintiffs with an opportunity to file any further opposition to the Motion to Dismiss the Amended Complaint, since Plaintiffs have not previously had an opportunity to file a memorandum in opposition to

---

[2]  Judge Kay told Continental's counsel "I'm not going to rule now on the . . . the original complaint while this motion to amend is pending.  So this would facilitate things if you stipulated to the amended complaint."  Doc. No. 95, Tr. at 8-9.

Defendants' reply brief, which addressed the Amended
Complaint.

Doc. No. 92.  Plaintiffs, however, did not file the First Amended Complaint as they

were directed to do by Judge Kay.[3]  Thus, on October 3, 2012, a Law Clerk from

Judge Kay's chambers called Locricchio, who said he was planning to file a

motion to amend the amended complaint.  Doc. No. 119, Notice at 5 n.3.  No such

motion was filed and, on October 9, 2012, the Continental Defendants filed another

Motion to Dismiss.[4]  Doc. No. 93.  That Motion was set for hearing on February

19, 2013.  Doc. No. 97.

### 3.  *The November 7, 2012 Minute Order and Motion to Disqualify*

On November 7, 2012, Judge Kay issued further instructions.  Doc.

No. 98.  After explaining the posture of the case, he ordered as follows:

> [T]he Amended Complaint is deemed filed, and
> Defendants' 10/9/2012 Motion to Dismiss is deemed to
> address the Amended Complaint as well as the
> Complaint.  Plaintiffs are given 14 (fourteen) days from
> the date of this Order to file an opposition.  Defendants
> will then have 14 (fourteen) days from the date of service
> of the opposition to file any reply.  The Court will decide
> this matter without further hearing, and the 2/19/2013
> hearing date is hereby withdrawn.

---

[3]  The parties apparently stipulated to extend the deadline until October 5, 2012.  *See*
Doc. No. 93, Defs.' Mot. at 8.

[4]  Locricchio asserts that the "clerk stated he would get back to Locricchio if he needed to
file a Motion to submit a new 1st Amended Complaint."  Doc. No. 106-1, Pls.' Mot. ¶ 3.

*Id.* Accordingly, Plaintiffs' proposed Amended Complaint, which had been

attached as an Exhibit to their Amended Motion to Amend, was filed by the clerk

on behalf of Plaintiffs on November 7, 2012.  Doc. No. 99.

On December 3, 2012, Plaintiffs filed a Supplemental Opposition to

the Motion to Dismiss (after Judge Kay had granted Locricchio a four-day

extension).  Doc. No. 108.  Much of that Opposition argued that Judge Kay was

biased and should be disqualified from this action.  For example, Locricchio stated:

> Upon review of the transcript of [the September 17, 2012
> hearing] clear bias was established that Judge Kay had
> pre-determined the issues in the case prior to argument
> and the scheduled September 17, 2012 hearing.
> 2.  The minute Order of November 7, 2012 makes
> it appear that Plaintiff's Counsel has consented to the
> filing of the Proposed 1st Amended Complaint.  Instead
> Judge Kay's Clerk called Mr. Locricchio to inquire if he
> was going to file the proposed first amended Complaint.
> Locricchio, after review of the transcript said he would
> not file that complaint given the review of the September
> 17th transcript and sought leave if the Court would allow
> time to file a 1st amended complaint that covered the
> huge number of errors committed by the Court at that
> hearing.
> 3.  The clerk stated he would get back to
> Locricchio if he needed to file a Motion to submit a new
> 1st Amended Complaint.  Instead Judge Kay in
> furtherance of the need to seek his disqualification issued
> the November 7th, minute Order where he ruled that he
> had "deemed" that Locricchio had filed the very
> proposed 1st Amended Complaint that the transcript
> proved needed to be redone.

Doc. No. 108, Pls.' Supp. Opp'n at 2-3.  Locricchio indicated he "will now be

forced to submit a detailed Motion to disqualify after reading the Transcript."  *Id.*

at 25.

       Plaintiff filed the Motion to Disqualify on January 7, 2013.  Doc. No.

118.  Chief Judge Susan Oki Mollway then assigned the Motion to the undersigned

on January 11, 2013.  Doc. No. 120.  The Continental Defendants filed an

Opposition on January 22, 2013.  Doc. No. 123.  Locricchio filed his Response on

January 28, 2013.  Doc. No. 125.

### III.  DISCUSSION

### A.  Standards under 28 U.S.C. §§ 144 & 455

       As set forth above, the applicable standards for disqualification or

recusal of a federal judge are found in 28 U.S.C. §§ 144 and 455.  "Under both

recusal statutes, the substantive standard is whether a reasonable person with

knowledge of all the facts would conclude that the judge's impartiality might

reasonably be questioned."  *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir.

2008) (citations, quotations, and alterations omitted).  The alleged bias, however,

"must usually stem from an extrajudicial source."  *Id.*  The Supreme Court has

explained:

       First, judicial rulings alone almost never constitute a
       valid basis for a bias or partiality motion.  In and of

themselves . . . they cannot possibly show reliance upon an extrajudicial source. . . .   Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.   Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Liteky v. United States*, 510 U.S. 540, 555 (1994).  Further, "'expressions of impatience, dissatisfaction, annoyance, and even anger' are not grounds for establishing bias or impartiality, nor are a judge's efforts at courtroom administration."  *Pesnell*, 543 F.3d at 1044 (quoting *Liteky*, 510 U.S. at 555-56).

Section 144 expressly requires a motion to disqualify to be "timely," and courts require the same under § 455.  *See, e.g.*, *Davies v. Comm'r*, 68 F.3d 1129, 1131 (9th Cir. 1995) ("Recusal motions [under § 455(a)] 'must be made in a timely fashion.'") (quoting *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1295 (9th Cir. 1992)).  A motion for recusal must be made with "reasonable promptness after the ground for such a motion is ascertained."  *Preston v. United States*, 923 F.2d 731, 733 (9th Cir. 1991).  *See Wood v. McEwen*, 644 F.2d 797, 802 (9th Cir. 1981) (per curiam) (concluding that waiting sixteen months after discovering the alleged grounds for disqualification was untimely, resulting in a

waiver).  Further, "courts have observed that filing motions between the events complained of and submission of the affidavit weighs heavily against a finding of timeliness." *S.E.C. v. Loving Spirit Found. Inc*., 392 F.3d 486, 493 (D.C. Cir. 2004) (citation omitted).

The rationale for a timely motion is simple.  "[T]he absence of such a requirement would result in increased instances of wasted judicial time and resources and a heightened risk that litigants would use recusal motions for strategic purposes." *Preston*, 923 F.2d at 733 (citations omitted).  Without such a requirement, parties would be encouraged to "withhold recusal motions, pending a resolution of their dispute on the merits, and then if necessary invoke section 455 in order to get a second bite at the apple." *E. & J. Gallo*, 967 F.2d at 1295.  "[A] party having information that raises a possible ground for disqualification cannot wait until after an unfavorable judgment before bringing the information to the court's attention." *United States v. Rogers*, 119 F.3d 1377, 1380 (9th Cir. 1997) (citing *E. & J. Gallo*, 967 F.2d at 1295); *see also Loving Spirit*, 392 F.3d at 493 ("Why, then, did Puma wait so long to file its [disqualification] motion and affidavit?  Was it waiting to see whether it liked the subsequent treatment that it received?") (editorial and quotation marks omitted).

15

**B.     Application of Standards**

Locricchio seeks disqualification of Judge Kay by proffering three general factors that, he asserts, indicate bias.

First, Locricchio argues personal bias in the timing and adequacy of Judge Kay's disclosure of his relationship with Locricchio in the Aug. 12, 2011 Order, and contends that such bias revealed itself in rulings made during and after the Sept. 17, 2012 hearing and in the Nov. 7, 2012 Minute Order.  *See* Doc. No. 117-1, Mot. at 22 ("The basis for the Motion to [D]isqualify [is] the original failure to disclose and the fact that the disclosure was inadequate.  Judge Kay has convinced me that past hostilities have not died.").  Locricchio also appears to raise these "past hostilities" (*e.g.*, the cases disclosed in the Aug. 12, 2011 Order) themselves as a basis for seeking Judge Kay's disqualification.

Second, Locricchio points to evidence of Judge Kay's past extensive dealings with him and others arising from the "Waiahole-Waikane" Valley eviction dispute in the 1970s, when Judge Kay -- a decade before he was appointed as a U.S. District Judge -- was an attorney in private practice representing a landowner.  This dispute includes a subsequent lawsuit against that landowner, Judge Kay personally, and State of Hawaii officials.  *See generally Windward Partners v. Ariyoshi*, 693 F.2d 928 (9th Cir. 1982).

16

Third, Locricchio also claims that Judge Kay became biased against him when Locricchio told Judge Kay's Law Clerk (apparently in the August 12, 2011 phone conversation, after Locricchio failed to file an Opposition) that Locricchio was involved in a planned book about the Waiahole-Waikane Valley dispute and that he had commented on Judge Kay's role in the dispute.  Doc. No. 117-1, Mot. at 6, 19.

The court addresses each category in turn.

### 1. The Aug. 12, 2011 Order, and Subsequent Rulings

Locricchio claims that Judge Kay was biased because -- although this case was assigned to him on April 14, 2011 -- he did not publicly disclose his past relationships with Locricchio before the Aug. 12, 2011 Order.  Further, according to Locricchio, Judge Kay made only an incomplete disclosure after Locricchio's prompting (made to Judge Kay's Law Clerk).  This bias manifested itself, Locricchio argues, at the Sept. 17, 2012 hearing when Judge Kay strongly urged the Continental Defendants to stipulate to allow the filing of his First Amended Complaint.  The logic is difficult to follow, but apparently Locricchio finds it nefarious that, when Judge Kay later deemed his First Amended Complaint as filed in the Nov. 7, 2012 Minute Order, he also required Continental Defendants to re-file a Motion to Dismiss that First Amended Complaint.  Locricchio apparently

believes Judge Kay only wanted that First Amended Complaint to be filed so that Judge Kay could dismiss it.

Initially, Locricchio has waived any grounds for seeking recusal or disqualification based upon Judge Kay's failure to disclose his dealings with Locricchio earlier than he did.  If Locricchio truly believed Judge Kay harbored bias against him, he could have filed a Motion to Disqualify in April 2011 (when Judge Ezra recused himself, and when the case was reassigned to Judge Kay). Likewise, if Locricchio truly believed that the content of the Aug. 12, 2011 disclosure was inadequate, he could have asked Judge Kay to recuse himself at that time, and within the deadline given by Judge Kay.  Instead, he waited seventeen months to file this Motion to Disqualify -- *after* Judge Kay took action that Locricchio believes was detrimental to his case.[5]  The Motion in this regard is not timely.  *See, e.g.*, *Preston*, 923 F.2d at 733 (reasoning that the purpose of a timing

---

[5]  It also makes little sense for Locricchio to complain about the inadequacy of the disclosure -- Locricchio himself is aware of all his past dealings with Judge Kay.  Any possible prejudice from an "incomplete" disclosure would be to other parties -- and no other party has voiced any concern with Judge Kay's past encounters with Locricchio.  Perhaps Locricchio disagrees with Judge Kay's statement that "Locricchio was of substantial assistance in resolving a major tenants-landlord conflict" and "in assisting the undersigned in a subsequent lawsuit against the undersigned, his client, the governor of the State of Hawaii, and others[.]"  Doc. No. 37, Aug. 12, 2011 Order at 2.  But if this is a basis for disqualification, it also could have been raised at that time, not seventeen months later after perceived adverse rulings by Judge Kay.  The same goes for Locricchio's claim that Judge Kay is biased against Locricchio because he reacted negatively while Locricchio was testifying in his civil rights trial before Judge Kay in *Locricchio v. Richards*, Civ. No. 93-00011 ACK (D. Haw. Apr. 22, 1994).

requirement is to prevent "a heightened risk that litigants would use recusal motions for strategic purposes"); *E. & J. Gallo*, 967 F.2d at 1295 (indicating that a timing requirement is to prevent a party from withholding recusal motions "in order to get a second bite at the apple").

Moreover, any of the rulings (or the tenor of Judge Kay's remarks) made in the Sept. 17, 2012 hearing or in the Nov. 7, 2012 Minute Order cannot form the basis of a Motion to Disqualify. *See Liteky*, 510 U.S. at 555 (reiterating that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves . . . they cannot possibly show reliance upon an extrajudicial source"). A disqualification motion should be based on an extrajudicial source. *Id.*

And indeed, any objective view of the record here indicates that Judge Kay was not biased against Locricchio -- on the contrary, Judge Kay was extremely accommodating to Locricchio's multiple requests for continuances based on Locricchio's health, ultimately continuing the hearing on the Motion to Dismiss for seven months. Judge Kay excused several missed deadlines, choosing instead to follow a normally prudent practice of having a Law Clerk contact counsel when deadlines are missed. And, likewise, Judge Kay's deeming the First Amended Complaint to be filed was helpful to Locricchio, not detrimental --

19

Plaintiffs had violated Judge Kay's Sept. 17, 2012 order directing Plaintiffs to file the Amended Complaint.  Locricchio's theory that deeming the Amended Complaint filed was part of Judge Kay's plan to dismiss the action makes no sense (Judge Kay could simply have dismissed the entire action for Plaintiffs' failure to follow a direct court order).  And given the procedural posture, Judge Kay's request to the Continental Defendants for a Motion to Dismiss directed at the Amended Complaint evidenced no lingering bias -- it was a prudent method of court administration to assure the filings in the record were in order in a case that has been on the court's docket since December 2010.

### 2.   *Waiahole-Waikane Valley Dispute*

The Motion to Disqualify spends several pages, in narrative form, discussing details of the Waiahole-Waikane Valley dispute, and interactions between Locricchio and then-attorney Alan Kay.  Doc. No. 117-1, Mot. at 7-18.  Locricchio also details particular incidents from the 1970s or 1980s with Judge Kay's former law firm partner Paul Lynch (who is now deceased) where, according to Locricchio, Lynch became furious with Locricchio -- and Locricchio "now believe[s] that Paul Lynch conveyed to his law partner, Kay, my points of concern of problems with the Windward Partners Case."

The court need not linger on those details.  After review of the record, the court concludes that no objectively reasonable person with knowledge of all the facts regarding that dispute could possibly conclude that Judge Kay's impartiality might be questioned now.  *See Pesnell*, 543 F.3d at 1043.  The dispute, even if it was high-profile at the time, occurred over thirty years ago.  And, again, if Locricchio harbors a subjective belief that Judge Kay is biased based on those events, he could have filed a motion seeking recusal in April or August of 2011.  A Motion to Disqualify based on these matters is, by any measure, baseless and untimely.[6]

### 3.     *The Planned Book*

Finally, Locricchio contends that he informed Judge Kay's Law Clerk that a book is being prepared detailing the Waiahole-Waikane Valley dispute, and that he told the Law Clerk "it was imperative that Judge Kay make a full disclosure of the Windward Partner matters, his being a personal Defendant[,] and my role [because] [o]nce the book is made public, the Judge would not want it to appear

---

[6] Locricchio also appears to argue that because Judge Kay recused himself in *Property Reserve v. Wasson*, Civ. No. 12-00649 SOM-KSC (where Locricchio represents the Defendant), he recognizes he is biased and should have recused himself in this case.  The record reflects, however, that Judge Kay recused himself prior to Locricchio entering an appearance in that case.  And Judge Kay's Order of Recusal itself states that he recused himself because the Complaint asserted a temporary restraining order as relief sought -- a type of case that a Senior Judge has a prerogative to decline to accept on his docket.

that he covered up his role and my role in that case." Doc. No. 117-1, Mot. at 19-20. He "believe[s] now that my information to Judge Kay as regards the book on the Waiahole/Waikane controversy and the resolution and litigation that flowed from it, triggered the intensity of the conduct and bias against me by the former Attorney Alan Kay." *Id.* at 20.

But even assuming Locricchio made such statements to Judge Kay's Law Clerk, and that a book about Waiahole/Waikane is planned, the court finds this would be absolutely no basis for Judge Kay's disqualification. Again, the incidents took place well over thirty years ago, and some ten years before Judge Kay was appointed and confirmed as a Federal Judge. Now, after twenty-five years of service as a United States District Judge, no objectively reasonable person with knowledge of all that facts would believe Judge Kay would be biased against Locricchio based on a planned book about those events. *See Pesnell*, 543 F.3d at 1043. Locricchio's assertions are speculative at best, and such speculation is not a basis for disqualification. *See, e.g.*, *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (reasoning that recusal is not warranted under § 144 or § 455 based on pure speculation).[7]

---

[7] The court declines to award attorneys fees or costs to the Continental Defendants. The request under 28 U.S.C. § 1927 is based not only on the Motion to Disqualify, but on the entire course of conduct of the litigation and would require a substantive review of the issues in the

(continued...)

## IV.  <u>CONCLUSION</u>

After careful review of the record, the court finds no basis for Judge Kay's disqualification.  And in particular, Locricchio's apparent disagreement with the course of the litigation is absolutely no reason for removing Judge Kay from this action.  As stated above, the objective record instead reflects that Judge Kay has, from the beginning, handled this procedurally-difficult case with care, and has been extraordinarily patient with Locricchio.  Locricchio's Motion to Disqualify Judge Alan Kay is DENIED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 14, 2013.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Locricchio v. Cont'l Inv. Co.*, Civ. No. 10-00710 ACK/RLP, Order Denying Motion to Disqualify Judge Alan Kay

---

[7](...continued)
action -- a task beyond the scope of this court's designation.